[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases were originally brought by plaintiff, acting pro se, to the Small Claims Session of this Court. In each, this plaintiff claimed that one month's rental of $1,750 was due him from the defendants for use and occupancy of cold storage space at the plaintiff's premises known as the IFM Building in Old Saybrook, Conn. Ultimately, they were transferred to the regular docket of this court, consolidated, and tried together at this time. In totality, plaintiff claimed rental owing for use and occupancy for the period from June 15, 1990 to September 15, 1990 at a rate of $1750 per month.
Factually, on September 15, 1989, plaintiff and defendant Pye Hogan Machine Co. entered into a written lease for the rental by defendant of cold storage space in the above mentioned premises. This lease, prepared by plaintiff, was between plaintiff and the defendant corporation, and signed by plaintiff and defendant Donald Woods.
Based on the credible evidence presented, this court finds that the lease was executed by Donald Woods as president of the defendant corporation and not in an individual capacity.
The lease expired in January 1990 and the defendant corporation continued to use and occupy the premises for the cold storage of various machinery and equipment, as a tenant from month to month, paying a monthly rental of $1,750 through June 14, 1990.
Plaintiff claims and alleges defendant corporation continued to use and occupy the premises for this period set forth within the framework of these three cases, consolidated here, for the period of June 15, 1990 to September 15, 1990.
The court finds from the credible evidence and testimony adduced at trial that the defendant corporation had removed from the premises by June 15, 1990 all the machinery and equipment it had previously cold stored with the exception of one large Cincinnati Milling Machine, which at that point of time had been sold to Industrial Machine Co. of Old Saybrook. CT Page 4327
The court finds this machine was removed from the premises by July 12, 1990.
Previously, on May 16, 1990, during a meeting in the morning in the plaintiff's office, the defendant Woods indicated all the stored machinery and equipment would be removed by June 14, 1990.
At a subsequent meeting at the plaintiff's office, during the morning of June 14, 1990, the defendant Woods told plaintiff that all the machinery and equipment had been removed with the exception of the Milling Machine which had been sold and would be removed shortly. Plaintiff indicated this would be "no problem". Plaintiff had no tenant in waiting for the subject space, and did not indicate any rental charge would be expected based on any formula, ie, monthly or pro rated. Defendant corporation did not own the machine at that point and did not anticipate paying any rental for the short time the machine remained pending its removal by its new owner.
The court finds there was no agreement between the parties to charge nor pay any rental for the period June 15, 1990 to July 12, 1990 when the machine was removed from the premises.
Judgment may enter for the defendants in each of the captioned cases.
It is so ordered.
HIGGINS, J.